**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES *ex rel.* HEATHCOTE HOLDINGS CORP, INC., An Illinois Corporation, Relator )<br><br>Plaintiffs, )<br><br>v. )<br><br>PROCTER & GAMBLE COMPANY, et al. )<br><br>DEFENDANTS. ) | Civil Action No.  10 C 1441<br><br>Judge Zagel |

**RELATOR'S MOTION TO VACATE DISCOVERY STAY**

NOW COMES, Relator, HEATHCOTE HOLDINGS CORP., INC., (herein referred to as "HEATHCOTE"), by its attorneys, and moves for the entry of order vacating the discovery stay entered by this Court on September 30, 2010, and in support states as follows:

1.     This case involves the false marking of the Swiffer Sweeper product line with patents that do not apply to Swiffer Sweeper replacement pads.  On September 30, 2010, the Court entered an order staying discovery in this case with one exception. The Court instructed Defendant to write a letter to the Court outlining its patent marking process "roughly in the form of what a 30(b) witness would do."  The Court did not require P&G to specifically identify how it marked the Swiffer product line.  See transcript, Exhibit A at pages 5-7.  Significantly, this Court suggested that the letter could have a negative impact on the defense of this case - "it's a valuable piece of information for you because they may have a process that is sufficiently slipshod that it tells you they're going to have some problem defending against the claim." Transcript, page 7, lines 7-11.  The Court's suspicion is certainly true, as it turns out.

2. While Plaintiff does not believe that Defendants' October 21, 2010, letter to the Court was confidential as Defendants claim, Plaintiff will not attach a copy of the letter and will simply summarize the inaccuracies of the letter.

3. Defendants' October 21st letter identifies nine (9) patents related to the so-called Swiffer Sweeper product line – what Defendants called the "Swiffer Sweeper® Patents." Defendants claim that it universally marked the Swiffer Sweeper product line with nine "Swiffer Sweeper® Patents" for the sake of convenience and to save costs. Defendants claim that they did not falsely mark the Swiffer Sweeper product line with the intent to deceive the public because the subject products were "[m]ade under one or more" of the nine separate patents.

4. Our letter to you on November 4, 2010, identified the fact that the so-called the "Swiffer Sweeper® Patents" are not universally marked along the Swiffer Sweeper product line. Our letter also explained that Defendants' attempt to graft a cost-saving argument as a defense was a misguided attempt to shoe-horn the Solo Cup case to the facts of this case. Unlike *Solo Cup* which dealt the marking of patents onto the cup lids by means of a injunction molds, the subject patents are simply stamped on cardboard packaging that was updated over time with new copyrights.

5. We believe that the falsehoods contained in Defendants' letter warrant the commencement of discovery in this case.

6. While Defendants have filed a Motion to Dismiss based on FRCP 9(b), Plaintiff filed an Amended Complaint as a matter of right which identified more facts in support of this claim. It identified the "who, what, when, where and how" of its claims, identifying executives, employees and third-party marketing agencies that may have played some role in falsely marking the subject products. Plaintiff also identified in-house counsels' role in marking the products.

7. While Defendants contend that the statute violates the Take Care Claus, every court that has addressed this defense has rejected it. *See* Exhibit B, Response Brief filed in *Simonian v. Meadwestvcao Corp.*, Case No. 10 cv 1217, pp. 11-15. So should this Court. While Defendants may try to dismiss the Amended Complaint, Plaintiff believes that this Court should review the Amended Complaint and offer his views on a second motion to dismiss. By and large, courts within this District have denied motions to dismiss that were filed after plaintiffs filed amended complaints after they were served with 9(b) motions or were required to amend in the face of an order to granting a motion to dismiss. *Id*. at pp. 5-7.

WHEREFORE, for the reasons set forth above, Plaintiff-Relator, HEATHCOTE HOLDINGS CORP, INC. requests that this Honorable Court enter an order vacating the stay of discovery and that this Honorable Court issue an order instructing Defendants to answer the Amended Complaint in 10 days.

/s/ James C. Vlahakis
Attorneys for Plaintiff-Relator, HEATHCOTE HOLDINGS CORP, INC.

HINSHAW & CULBERTSON, LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
Telephone: (312) 704-3000
FAX: (312)704-3001
jvlahakis@hinshawlaw.com

130032871v1 0909868 57483

## **CERTIFICATE OF FILING**

I hereby certify that on September 17, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

By:  /s/ James Vlahakis

James C. Vlahakis
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000
jvlahakis@hinshalaw.com

130032871v1  0909868  57483