UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES *ex rel.* HEATHCOTE HOLDINGS CORP., INC., | ) ) ) | |
| Plaintiff, | ) ) | No. 10 C 01441 |
| v. | ) ) ) | Judge Edmond E. Chang |
| PROCTER & GAMBLE COMPANY et al., | ) ) | |
| Defendants. | ) | |

### ORDER

This is a false-marking *qui tam* action brought by Heathcote Holdings Corp., on behalf of the United States, against Proctor & Gamble (P&G), under 35 U.S.C. § 292. R. 39, Am. Compl. While this action was pending, the President signed the Leahy-Smith America Invents Act (AIA), Pub. L. No. 112-29, 125 Stat. 284 (2011). The AIA limits § 292 standing to the United States and to persons who have suffered competitive injury, thus eliminating all *qui tam* actions, and applies these changes retroactively to all pending *qui tam* actions. Heathcote asks the Court to declare Congress's retroactive elimination of pending § 292 *qui tam* actions as unconstitutional under the Fifth Amendment's Due Process Clause. R. 93. For the reasons explained below, the Court upholds the constitutionality of the AIA's retroactive application and dismisses Heathcote's case for lack of standing.

### I. Background

Heathcote filed this *qui tam* action against P&G in 2010, alleging that P&G had marked the packaging of its Swiffer Sweeper replacement cloths and pads with

patents that do not cover those products. *See* Am. Compl. ¶ 1. Heathcote admits that it is not one of P&G's competitors and therefore has not suffered a competitive injury as a result of P&G's allegedly false markings. *See* R. 93, Heathcote's Br. at 3. Before 2011, 35 U.S.C. § 292(b) authorized this type of *qui tam* action; it allowed "any person" to bring a false-marking suit and recover a statutory penalty for each falsely marked article, with half of the recovery going to the United States. On September 16, 2011, however, the President signed into law the America Invents Act. The AIA altered the § 292 enforcement regime by eliminating the false-marking *qui tam* provision. In its place, the amendments authorize suits brought only by the United States and by those persons who have suffered a "competitive injury." AIA § 16(b)(1), (2). And of particular relevance here, the amendments also apply retroactively: "The amendments made by this subsection shall apply to all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act." *Id.* § 16(b)(4).

Heathcote concedes that the AIA, as written, eliminates its ability to bring this lawsuit. R. 91 at 2. But Heathcote believes that section 16 of the statute is unconstitutional because it retroactively deprives Heathcote of its standing to bring this suit. *Id.* at 2 & n.1; *see also* Heathcote's Br. at 4. Under Federal Rule of Civil Procedure 5.1, Heathcote notified the United States of its constitutional challenge [R. 94], and the United States has intervened to defend the constitutionality of the AIA's retroactive application [R. 104].

## II. Analysis

Heathcote argues that section 16 of the AIA is unconstitutional under the Due Process Clause of the Fifth Amendment because Heathcote has a constitutionally protected property interest in this *qui tam* lawsuit and because Congress failed to articulate a rational basis for the amendments' retroactive application.[1] Heathcote's Br. at 4. The Federal Circuit has already considered and rejected these arguments. In *Brooks v. Dunlop Manufacturing, Inc.*, the Federal Circuit held that the AIA's retroactive elimination of the *qui tam* provision from § 292 does not violate the Due Process Clause.[2] 702 F.3d 624, 626, 628-30 (Fed. Cir. 2012).

"No person has a vested interest in any rule of law, entitling him to insist that it shall remain unchanged for his benefit." *N.Y. Cent. R.R. v. White*, 243 U.S. 188, 198 (1917). Indeed, as the Federal Circuit recognized in *Brooks*, Congress may apply a statute retroactively if the "statute is supported by a legitimate legislative purpose furthered by rational means." 702 F.3d at 628 (quoting *Pension Benefit Guar. Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 729 (1984)). "This burden is met simply by showing that the retroactive application of the legislation is itself justified by a rational legislative purpose." *Id.* (quoting *United States v. Carlton*, 512 U.S. 26, 31 (1994)) (internal quotation marks omitted).

---

[1]Heathcote also raised a Takings Clause challenge to the AIA, *see* Heathcote's Br. at 12-15, but it has since withdrawn these arguments, *see* R. 115, Heathcote's Reply Gov't's Br. at 11.

[2]Heathcote did not file a response to P&G's notice of supplement authority [R. 128] that notified the Court of the Federal Circuit's opinion in *Brooks*.

Case: 1:10-cv-01441 Document #: 130 Filed: 07/03/14 Page 4 of 8 PageID #:1619

*Brooks* concluded that it was not irrational for Congress to apply the AIA amendments retroactively. As the Federal Circuit explained, Congress weighed the costs and benefits associated with *qui tam* actions under § 292(b) and concluded that these actions had imposed "disproportionate penalties" on businesses. *Id.* at 629; *see also Rogers v. Tristar Prods., Inc.*, Nos. 2011-1494, 2011-1495, 2012 WL 1660604, at *3 (Fed. Cir. May 2, 2012) ("Congress was in significant part attempting to reduce the litigation expenditures in the large number of complaints filed, but not yet subject to a final judgment."); 157 Cong. Rec. S1372 (daily ed. Mar. 8, 2011) (statement of Sen. Jon Kyl) (explaining that the AIA's changes were "made fully retroactive" to address the "surge in false marking qui tam litigation" that was prompted by a prior Federal Circuit decision). In the Federal Circuit's view, "this alone constitutes a rational legislative purpose." *Brooks*, 702 F.3d at 629. On top of relieving businesses from this litigation burden, *Brooks* explained that Congress also made the AIA retroactive because of "a live question about the constitutionality of the then-existing *qui tam* provision." *Id. Brooks* again concluded "it was rational for Congress to pass legislation eliminating a potential constitutional issue and sparing the courts, private parties, and the United States the litigation burdens and risks associated with such issues." *Id.* at 630. In sum, *Brooks* held that Congress "made a considered choice" when applying the AIA retroactively and that "the retroactive application of amended § 292 to pending actions was a rational means of pursuing a legitimate legislative purpose." *Id.*

4

In its own constitutional challenge, Heathcote raises four additional arguments that the Federal Circuit had no occasion to address in *Brooks*. First, Heathcote argues that the legislative history and the language of the AIA does not support the rational basis that the government articulates in its brief. *See* Heathcote's Reply Gov't's Br. at 5-6. This argument fails. For one, this argument is factually inaccurate: the congressional record does support the government's argument that Congress considered the costs of preserving *qui tam* actions under § 292. *See Brooks*, 702 F.3d at 629-30 (citing and quoting various portions of the Congressional Record). More importantly, however, Congress need not have created an "adequate paper trail"; instead, any conceivable rational basis can support the constitutionality of the amendments. *United States ex rel. Heathcote Holdings Corp. v. Suncast Corp.*, No. 11 C 1010, 2012 WL 3042898, at *2 (N.D. Ill. July 25, 2012); *cf. also Heller v. Doe*, 509 U.S. 312, 320 (1993) (explaining in the context of rational-basis review under the Equal Protection Clause that "a legislature . . . need not actually articulate at any time the purpose or rationale supporting its classification"; instead, "any reasonably conceivable state of facts that could provide a rational basis for the classification" will be sufficient to survive a constitutional challenge (internal quotation marks and citations omitted)). And as discussed above, *Brooks* identified two rational reasons for applying the AIA amendments retroactively.

Second, Heathcote argues that the AIA amendments undermine the government's own interests because it eliminates a revenue source for the

5

government. *See* Heathcote's Br. at 10 (noting that the United States government has received over $10 million in settlement funds from *qui tam* actions since May 2010). This argument is not persuasive. Congress need not always fall on the side of bringing in revenue. And as explained in *Brooks*, there is nothing irrational about alleviating the litigation burden on businesses and the courts. *See* 702 F.3d at 629-30.

Heathcote next argues that Congress's goal of eliminating pending constitutional challenges to § 292 will not be served by the retroactive elimination of *qui tam* actions. *See* Heathcote's Reply Gov't's Br. at 7. Instead, Heathcote contends that the statute will still be exposed to constitutional challenges brought by defendants who have been sued by competitors. *Id.* This argument fails too. As Heathcote recognizes, the constitutional challenges mounted against § 292's *qui tam* provision were brought under the Take Care Clause. These challenges were driven by concerns that the surge in *qui tam* actions was a sign that the *qui tam* provision failed to give the government sufficient control over the management of these lawsuits. *See, e.g., Rogers*, 2012 WL 1660604, at *1. That concern is now largely alleviated by limiting the false-marking cause of action to the United States and injured competitors. Importantly, under the new enforcement regime, competitors will be pursuing compensatory damages only for their own personal injuries, *not* damages for the public at large as in a *qui tam* action. Limiting competitors' claims to their own injuries essentially alleviates any constitutional concerns under the Take Care Clause. In any event, even without this additional legitimate purpose of

6

eliminating pending constitutional challenges, it was still rational for Congress to act solely to reduce the litigation burden on businesses. In other words, Congress did not need this additional rational basis of eliminating constitutional challenges; one legitimate reason was enough.

Finally, Heathcote protests that the AIA is unconstitutional because Congress provided no prior notice or hearing on the legislation. Heathcote's Br. at 4, 14. But this Court is the proper forum for Heathcote to present its constitutional challenge. Heathcote cites no cases supporting its argument that Congress must conduct a hearing, with an opportunity to be heard, before enacting legislation. In fact, to comply with the Due Process Clause, Congress need not provide notice to the public or an opportunity to be heard. *Cf. Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982) ("[T]he legislative determination provides all the process that is due."). Instead, in this case, Congress simply must have passed "a statute [that] is supported by a legitimate legislative purpose furthered by rational means." *Brooks*, 702 F.3d at 628 (internal quotation marks and citation omitted). In making the AIA retroactive, Congress did just that. As a result, this Court upholds the constitutionality of the AIA's retroactive application.

### III. Conclusion

For the reasons stated above, the Court holds that the AIA's retroactive elimination of *qui tam* suits under 35 U.S.C. § 292 is constitutional. Because

7

Heathcote concedes that it no longer has standing to bring this suit under the amended version of § 292, the case is dismissed for lack of standing.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: July 3, 2014

8